There does not appear to me to be much difficulty in this case. The attorney of an assignee, and joint attorney of another assignee, gets possession of a. bond, under the order of this court, directing the application of the money to the payment of a debt partly to the estate of R. Young, and partly to the estate of A. Young. Instead of applying the bond in this way, he makes a blank assignment of the bond to Mr. Walker, as a pledge for the payment of a private debt of his own to Mr. Walker. This conduct is utterly unjustifiable and, unwarranted. It does not appear whether this power of attorney was revoked at the time he made the assignment ; but this makes no difference in the case. . Suppose the power of attorney to have been in full force ?■ It must be taken to have been an ordinary power, which .authorises him to receive the money for the use of his principal, and that principal himself was only an as-signee for the benefit of others. It was a gross depar- *534 from a such a power to assign it in payment, or as as pledge for his own private debt. He did what he had no authority to do, and what was not implied in any power. The defendant, Mr. Waiker, in accepting the assign-, ment to himself, saw on the face of the transfer by the master to Forbes that it was an assignment to him as an; attorney to others, and not in his own right.. He therefore took the assignment with a knowledge that Forbes had no interest in it, and could not apply it to his own, purposes ; but that it was applicable to other-purposes. It is relied on for defendant, Walker, that he consulted the master who told him that Forbes had control over-the bond. Admit this to the extent, it could only mean,' that Forbes had control over it, as expressed on, the face of the assignment, to wit, as attorney for the assignee,.- and for particular uses. If however it had been muck stronger, and the master had actually informed Walker that Forbes was owner of the bond, and could apply it to his own purposes, it would not have altered the rights of the parties. It would have been a misinformation,, not binding on the party whose interests ’were affected by it. The defendant, Walker, was bound when he saw on the face of the assignment, that the master had assigned the bond to Forbes, as an attorney for the benefit of others, to have required the production of the power-of attorney, and to have seen whether Forbes had any authority to apply the bond to his own purposes, before he accepted it as a pledge from Forbes, in payment of his own debt. The cases cited from Bay’s reports have no application to this case. The doctrine has been well settled, and the principles both of law and justice are entirely against the defendant.'* I must therefore decide against him. It is ordered and decreed that the defendant do deliver up the bond to the coinplai- *535 aant, and that the defendants, the obligors in the hondj, be restrained from paying the money due on the bond to any other person than the complainant, or some person Regally authorised by him to receive the same.
Henry 'Wimiam Desaussttue'.

 This caso comes within the principle of the decision of this court ¡n the case of the commissioners of public accounts v. Rose, Tunno and Moultrie ; for the doctrine laid down in that case is as applicable to cases between individuals, as between the public and individuals ; and io the conduct of attornies in fact as well as of attornies at law.